UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Anna Sullivan,<br><br>            Plaintiff,<br><br>v.<br><br>Kamala Harris, *et al.*,<br><br>           Defendants. | Civil No. 3:24-cv-01578 (KAD)<br><br>November 18, 2024 |

**RECOMMENDED RULING ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND INITIAL REVIEW UNDER 28 U.S.C. § 1915**

**I.    INTRODUCTION**

    This is a lawsuit filed by the plaintiff, Anna Sullivan, proceeding *pro se*, against Vice President Kamala Harris, Governor Ned Lamont, Lieutenant Governor Susan Bysiewicz, and thirty-eight others, including politicians, celebrities, musicians, athletes, and business leaders. (Compl., ECF No. 1, at 1, 3.) Ms. Sullivan appears to allege that each of the defendants contracted with her "for designs and content for fashion, art, [and] entertainment" and then never paid her for her work. (*See id.* at 4.) She also seeks permission from the court to begin her lawsuit *in forma pauperis*, or "IFP." (ECF No. 2.)

    When a plaintiff wishes to proceed IFP – that is, without paying the filing fee – the court ordinarily conducts two inquiries. First, it reviews the plaintiff's financial affidavit and determines whether she is unable to pay the fee. 28 U.S.C. § 1915(a). Second, to ensure that the plaintiff is not abusing the privilege of filing a free lawsuit, the court examines her complaint to determine whether, among other things, it "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). And in all cases – not just those that involve indigent

*pro se* plaintiffs – the court must determine whether it has jurisdiction over the subject matter. If the complaint is "frivolous" or "fails to state a claim," or if it fails to show that the court has jurisdiction, the court must dismiss the case. *Id.*

United States District Judge Kari A. Dooley referred this case to me – United States Magistrate Judge Thomas O. Farrish – to conduct these two inquiries. (ECF No. 8.) I have thoroughly reviewed the complaint, the IFP motion, and the accompanying financial affidavit. In the first step of the analysis, **I recommend that Judge Dooley deny the IFP motion** because Ms. Sullivan has not shown an inability to pay the filing fee. In the second step, **I recommend that Judge Dooley dismiss the complaint** because Ms. Sullivan has not invoked the court's jurisdiction, or, in the alternative, because Ms. Sullivan's complaint is frivolous and fails to state a claim on which relief can be granted. I further recommend, however, that these actions be without prejudice to a revised IFP motion and an amended complaint.

## II.    THE FIRST INQUIRY – ENTITLEMENT TO IFP STATUS

Typically, when a plaintiff files a case in federal court, she must pay filing and administrative fees totaling $405.00. *See* 28 U.S.C. § 1914. A court may nonetheless "authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (stating that litigants who qualify for IFP status "may commence a civil action without prepaying fees").

To qualify as "unable to pay," the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but she does need to show that "paying such fees would constitute a serious hardship[.]" *Fiebelkorn v.*

*U.S.*, 77 Fed. Cl. 59, 62 (2007).  The United States Supreme Court has said that a plaintiff makes a "sufficient" showing of inability to pay when her application demonstrates that she "cannot because of [her] poverty pay or give security for the costs and still be able to provide [herself] and [her] dependents with the necessities of life."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In determining whether a plaintiff's financial circumstances meet these standards, courts may consider an applicant's assets in addition to her income.  *See* 28 U.S.C. § 1915(a)(1); *Witt v. Stefonski*, No. 3:22-cv-01489 (KAD), 2022 WL 22863353, at *2 (D. Conn. Dec. 28, 2022).  In particular, courts may consider "equity in real estate."  *Cnty. of Allegheny v. Strader*, No. 2:18-cv-00775 (CRE), 2018 WL 3660092, at *2 (W.D. Pa. Aug. 2, 2018).  In *Ireland v. Reliance Standard Life Ins. Co.*, for example, the court denied a plaintiff's motion to proceed IFP where she had "an estimated $60,000 of equity in her home."  No. 3:97-cv-00563 (THE), 1997 WL 85008, at *1 (N.D. Cal. Feb. 21, 1997).  Courts have found that as little as $10,000 in home equity can preclude a plaintiff from obtaining IFP status.  *See, e.g.*, *Woodard v. Upland Mortg.*, No. 2:03-cv-04382 (EVL), 2003 WL 22597645, at *1 (E.D. Pa. Oct. 27, 2003), *aff'd*, 100 F. App'x 127 (3d Cir. 2004).

Courts may also consider the financial resources of anyone who supports the plaintiff.  *See, e.g.*, *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision).  In other words, "[w]here a litigant is supported or assisted by another

person, the [c]ourt may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 6:16-cv-06428 (CJS), 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

In her IFP affidavit, Ms. Sullivan claims to have no income and no cash on hand or in a bank account. (ECF No. 2, at 3–4.) She further claims that she has monthly obligations of $6,000, although she does not provide information about what those obligations might be as the form requires. (*Id.* at 5.) She does note, however, that her family members cover her expenses at this time. (*Id.* at 3.)

Because Ms. Sullivan is supported by her family, the Court may consider the ability to pay the filing fee of the members of her family that support her. *See Fridman*, 195 F. Supp. 2d at 537. Ms. Sullivan's application, however, does not provide information about the financial resources of those persons. Without that information, the Court cannot determine whether Ms. Sullivan is entitled to proceed IFP.

Ms. Sullivan left most of the spaces on the form blank, including the spaces that ask about assets, dependents, and previous litigation. (*Id.* at 4, 6.) These omissions lead the Court to be concerned that Ms. Sullivan has not completed her application with the "particularity, definiteness, and certainty" that the law requires. *Andrea P. v. Kijakazi*, No. 3:22-cv-00354 (SRU) (TOF), 2022 WL 1050326, at *1 (D. Conn. Mar. 14, 2022) (quoting *DiRubba v. DiRubba*, No. 3:22-cv-00181 (ACV) (TOF), slip op. at 7 (D. Conn. Mar. 8, 2022), and *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015)). The Court is aware of at least two previous cases filed in the District of Connecticut by Ms. Sullivan. *See Sullivan v. Lamont*, No. 3:24-cv-01003 (OAW) (filed July 22, 2024); *Sullivan v. Bezos*, No. 3:24-cv-01390 (KAD) (filed Aug. 29, 2024). In *Sullivan v. Lamont*, Ms. Sullivan also sought permission to proceed IFP, and filed a financial affidavit, signed under penalty of perjury, in which she reported that she owns her home and that she can claim an eight-

year-old daughter as a dependent. *Sullivan v. Lamont*, No. 3:24-cv-01003 (OAW), ECF No. 2, at 7, 11. A search of the Hartford land records confirms that the plaintiff is a record co-owner of the house in which she lives, having purchased it for $291,900.00 in 2020. *See* https://gis.hartford.gov/AppraiserFieldCards/132308108.pdf (last visited Nov. 14, 2024), *archived at* https://perma.cc/8BQS-LFJW.[1] The appraised value of the home is currently $497,000.00. *Id.*

Because Ms. Sullivan's application (1) does not provide information about the financial resources of the persons that support her; (2) contains significant discrepancies with applications previously filed in the District, including information regarding the ownership of her home; and (3) omits her previous litigation, the Court cannot determine whether she is able to pay the filing fee. *See, e.g.*, *Rajkarnikar v. Stanley Black & Decker*, No. 3:21-cv-01356 (AWT), 2021 WL 5039011, at *2 (D. Conn. Oct. 30, 2021) (citing *Bank of New York v. Consiglio*, No. 3:17-cv-01408 (CSH) (SALM), 2017 WL 9480197, at *2 (D. Conn. Oct. 2, 2017), and *Morrison v. Jefferson Cnty. Pub. Def. Office*, No. 7:09-cv-01412 (TJM), 2010 WL 455467, at *3 (N.D.N.Y. Feb. 3, 2010)), *report and recommendation adopted*, 2017 WL 4948069 (D. Conn. Nov. 1, 2017)). For these reasons, I recommend that Judge Dooley deny Ms. Sullivan's motion for leave to proceed IFP, without prejudice to refiling. If Judge Dooley accepts my recommendation, Ms. Sullivan may refile her motion to proceed IFP, this time completing the application with the required "particularity, definiteness, and certainty," *Andrea P.*, 2022 WL 1050326, at *1, and including a

---

[1] A court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (citing *Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005)); Fed. R. Evid. 201(b) (permitting judicial notice of facts "not subject to reasonable dispute"); *V.W. v. Yale Univ.*, No. 3:22-cv-01156 (KAD) (TOF), slip op. at 4 n.2 (D. Conn. Sept. 28, 2022) (taking notice of online property tax assessor records), *report and recommendation approved and adopted*, slip op. (D. Conn. Oct. 20, 2022).

financial affidavit covering not only her finances but also the finances of anyone else who may support her.

## III.   THE SECOND INQUIRY – 1915(e)(2)(B) REVIEW

Although Ms. Sullivan's IFP motion fails the first inquiry, I will nevertheless proceed to the second inquiry in the interest of judicial efficiency. *See, e.g.*, *Franklin v. Chenango Cnty. Pub. Def. Office*, No. 3:18-cv-00865 (BKS) (DEP), 2018 WL 4288620, at *2 (N.D.N.Y. Sept. 7, 2018) (conducting 28 U.S.C. § 1915(e) analysis even though IFP motion denied).

### A.   General Principles of Review under 28 U.S.C. § 1915

The same statute that authorizes courts to allow a qualifying plaintiff to begin her lawsuit without paying the fee also directs courts to review that plaintiff's complaint to ensure that she is not abusing the privilege of filing a free lawsuit. As noted above, that review asks whether the plaintiff's complaint "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

A complaint is "frivolous" when it is entirely without a factual or legal basis. As the Court of Appeals has explained, an "action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'" *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325, 327 (1989)). "Frivolous" complaints include those where the facts plead are "clearly baseless—that is . . . they are fanciful, fantastic, or delusional." *Gallop v. Cheney,* 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). When an IFP complaint is "frivolous," it is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Gallop*, 642 F.3d at 368.

A complaint "fails to state a claim on which relief can be granted" when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Twombly*, 550 U.S. at 555–56. Conclusory allegations are insufficient. *Iqbal*, 556 U.S. at 678. If a complaint fails to state a claim, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2).

These and other pleading rules are applied liberally in favor of *pro se* plaintiffs like Ms. Sullivan. "Since most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements," courts must "construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections*, 232 F.3d 135, 139–40 (2d Cir. 2000). In other words, courts interpret *pro se* complaints "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks omitted). Because *pro se* litigants "cannot be expected to know all of the legal theories on which they might ultimately recover," a reviewing court's "imagination should be limited only by [the] factual allegations" when determining what legal claims the complaint suggests. *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). At the same time, "[e]ven a *pro se* plaintiff . . . must meet the standard of facial plausibility[.]" *McQuay v. Pelkey*, No. 3:16-cv-00436 (MPS), 2017 WL 2174403, at *2 (D. Conn. May 17, 2017); *accord Vega v. Univ. of Conn. Med. Ctr.*, No. 3:11-cv-01864 (AVC), 2012 WL 1825381, at *1 (D. Conn. May 16, 2012) ("Although courts still have an obligation to liberally

construe a *pro se* complaint, the complaint must include sufficient factual allegations to meet the standard of facial plausibility.") (internal citation omitted).

### B. Subject Matter Jurisdiction

Before applying those principles to the complaint, the Court must first determine whether it has subject matter jurisdiction – that is, it must determine whether Ms. Sullivan's claim is the sort of claim that it is empowered to hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts are courts of "limited jurisdiction," meaning that they cannot hear just any case. *Id.* Leaving aside some others that are not relevant here, a federal court can typically adjudicate only three types of claims: (1) those that "aris[e] under the Constitution, laws, or treaties of the United States" – so-called "federal question" jurisdiction under 28 U.S.C. § 1331; (2) disputes between citizens of different states, where the amount in controversy exceeds $75,000 – "diversity jurisdiction" under 28 U.S.C. § 1332; and, under certain circumstances, (3) other claims that are "so related" to an "original jurisdiction" claim that they "form part of the same case or controversy under Article III of the United States Constitution" – "supplemental jurisdiction" under 28 U.S.C. 1367(a).

When the plaintiff's complaint is not the sort of complaint that the court is empowered to hear, dismissal is required. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (per curiam) ("Where jurisdiction is lacking . . . dismissal is mandatory.") (internal quotation marks omitted). Moreover, when subject matter jurisdiction is lacking, the complaint must be dismissed even if it was drafted by a *pro se* plaintiff. *See, e.g., Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999); *cf. Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) (placing the burden of proving subject matter jurisdiction on the *pro se*

plaintiff). In other words, while *pro se* complaints are reviewed liberally, that liberality does not stretch so far as to cause a court to hear a case that is outside its jurisdiction. *Cf. Makarova*, 201 F.3d at 113; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (concluding that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") (internal quotation marks omitted).

Although Ms. Sullivan left blank the part of the complaint form that asks a plaintiff how the court's jurisdiction is invoked, the Court will nonetheless apply the required flexible standard to her complaint and discuss each type of jurisdiction in turn.

### 1.   *Diversity jurisdiction*

Under 28 U.S.C. § 1332, diversity jurisdiction does not exist unless two principal requirements have been met. The first is that the "matter in controversy" must exceed "the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a). In the context of this case, the second is that the dispute must be "between . . . citizens of different States[.]" *Id.* To satisfy the second requirement in a multi-defendant case, it is not enough that one defendant be a citizen of a different state than the plaintiff. Rather, "all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). The party seeking to invoke diversity jurisdiction – in this case, Ms. Sullivan – bears the burden to show that both requirements have been satisfied. *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) ("The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.").

In this case, Ms. Sullivan does not allege facts sufficient to satisfy the diversity-of-citizenship requirement. In her complaint, Ms. Sullivan alleges that she is a citizen of Connecticut, and that Defendant Kamala Harris is also a citizen of Connecticut. (Compl., ECF No. 1, at 1.) She does not allege the citizenship of the other forty defendants that she names. (*See* ECF No. 1, at 3.) The Court notes, however, that among the defendants are the Governor and Lieutenant Governor of Connecticut, who are also citizens of Connecticut. *Cf.* Conn. Const. art. IV, § 5 ("The supreme executive power of the state shall be vested in the governor. No person who is not an elector of the state . . . shall be eligible."); Conn. Const. art. IV, § 6 ("The lieutenant-governor shall possess the same qualifications as are herein prescribed for the governor."). As discussed, to invoke this court's diversity jurisdiction, no plaintiff and no defendant can be citizens of the same state. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharm., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). Because Ms. Sullivan and several of the defendants are citizens of Connecticut, Ms. Sullivan has not invoked the court's diversity jurisdiction.

### 2.     *Federal question jurisdiction*

Federal courts have federal question jurisdiction when the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order "to determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint." *Bank of New York v. Consiglio*, No. 3:17-cv-01408 (CSH), 2017 WL 9480197, at *4 (D. Conn. Oct. 2, 2017) (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003)), *report and recommendation adopted*, 2017 WL 4948069 (D. Conn. Nov. 1, 2017).

Construing the complaint liberally, Ms. Sullivan does not invoke federal question jurisdiction. Ms. Sullivan states that the defendants "asked [her] for designs and content" and said

she would "be reimbursed," which the Court construes as a state-law claim for breach of contract. (ECF No. 1, at 4.) Such a claim does not arise under the Constitution, laws, or treaties of the United States. *E.g.*, *Sunvestment Energy Group NY 64 LLC v. Natl. Grid USA Services Co., Inc.*, 116 F.4th 106, 114 (2d Cir. 2024) (stating that a complaint containing only a state-law claim for breach of contract "would not raise a federal question"); *Walsh v. Lumivisions Architectural Elements Inc.*, No. 3:15-cv-01210 (RNC) (DFM), 2016 WL 111407, at *1 (D. Conn. Jan. 11, 2016) ("The plaintiff's other claims—breach of contract and failure to pay wages—arise under Connecticut state law and do not constitute a basis for federal question jurisdiction."). Accordingly, Ms. Sullivan's complaint does not invoke federal question jurisdiction.

### 3. *Supplemental jurisdiction*

28 U.S.C. § 1367 provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Put differently, "a federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)) (brackets omitted). Because Ms. Sullivan has not pleaded a plausible federal-law claim, however, there is no basis for the exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367; *United Mine Workers*, 383 U.S. at 725.

Because Ms. Sullivan's complaint does not invoke the court's diversity, federal question, or supplemental jurisdiction, I recommend that Judge Dooley dismiss the complaint for lack of subject matter jurisdiction.

**C.     Application of These Principles to Ms. Sullivan's Claims**

Although a finding of lack of jurisdiction typically ends the analysis, I will nevertheless consider whether Ms. Sullivan's complaint is frivolous or fails to state a claim, again in the interest of judicial efficiency. *See Ishutkina v. Biden*, No. 3:20-cv-01656 (CSH), 2021 WL 6841431, at *4 (D. Conn. Mar. 1, 2021) (analyzing whether a complaint was frivolous or failed to state a claim even after determining that the complaint must be dismissed for lack of subject matter jurisdiction).

**1.     *Frivolous***

Ms. Sullivan's claims are premised on her apparent belief that forty-one celebrities, athletes, musicians, politicians, and business leaders from around the world use her designs and content in their various pursuits. But a "[p]laintiff's beliefs – however strongly [she] may hold them – are not facts." *Morren v. New York Univ.*, No. 1:20-cv-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Ms. Sullivan provides no factual basis for her assertions, nor does she provide the Court with an understanding of how she may have met and started working for several of the most famous people in the world. The Court therefore concludes that her claims rise to the level of the irrational, and "must be dismissed as frivolous." *See Nobile v. Borack Obama Admin.*, No. 1:23-cv-07417 (LTS), 2023 WL 6610546, at *2 (S.D.N.Y. Oct. 10, 2023); *see also Harris v. Sony Ent.*, No. 1:20-cv-06833 (CM), 2020 WL 5634267, at *1–2 (S.D.N.Y. Sept. 17, 2020) (dismissing as frivolous a plaintiff's complaint wherein she claimed that various celebrities were "using [her] material" for their own financial benefit). Accordingly, even

if the court had subject matter jurisdiction over Ms. Sullivan's claim, the complaint should still be dismissed because it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

### 2. *Fails to state a claim*

Construing the complaint liberally, Ms. Sullivan appears to allege that she contracted with each of the forty-one defendants to complete design work and that she was never paid for that work. (Compl., ECF No. 1, at 4.) She requests damages of $1 trillion. (*Id.*) Under Connecticut law, a breach of contract claim has four elements: (1) the formation of an agreement, (2) performance by one party, (3) breach of the agreement by the other party, and (4) damages. *Meyers v. Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 311 Conn. 282, 291 (2014). Here, Ms. Sullivan has not plausibly pleaded sufficient facts to establish any of the elements. Leaving aside her conclusory statements, *Iqbal*, 556 U.S. at 681, Ms. Sullivan does not allege that she formed a legally enforceable agreement with each defendant. She also does not allege what she was hired to design for each defendant, that she completed those designs, or the amount that she agreed to be paid for those designs. She alleges only that the defendants asked her for designs, volunteered her services, and said she would be reimbursed. Even construing her complaint with the liberality required, it lacks "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* at 678. Accordingly, even if Ms. Sullivan could establish this court's subject matter jurisdiction, I would nevertheless recommend that Judge Dooley dismiss the complaint because it fails to state a claim on which relief can be granted.

### IV. CONCLUSION

For the reasons stated above, I recommend that Judge Dooley deny Ms. Sullivan's IFP motion and dismiss her complaint for lack of subject matter jurisdiction or, in the alternative, because the complaint is frivolous and fails to state a claim on which relief can be granted. I

further recommend, however, that these actions be without prejudice to a revised IFP motion and an amended complaint. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (concluding that *pro se* plaintiffs are ordinarily permitted "leave to amend at least once"). If she chooses to replead, Ms. Sullivan must (1) plead facts establishing that this Court has subject matter jurisdiction over her claims and (2) provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. *See* Fed. R. Civ. P. 8(a).

This is a recommended ruling by a magistrate judge. Fed. R. Civ. P. 72(b)(1); D. Conn. L. Civ. R. 72.1(C). **If the Plaintiff wishes to object to my recommendation, she must file that objection with the Clerk of the Court by December 9, 2024.** *See* Fed. R. Civ. P. 72(b)(2) (stating that objections to magistrate judge recommendations shall be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (allowing five additional days for persons who, like Ms. Sullivan, will receive the recommendation from the Clerk of the Court via mail); Fed. R. Civ. P. 6(a)(1)(C) (stating that, when a deadline would fall on a Saturday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). If she fails to file a timely objection, her failure "operates as a waiver of any further judicial review[.]" *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). In particular, failure to file a timely objection operates as a waiver of the right to seek appellate review in the Court of Appeals. *Id.*; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6; *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge